| | | |
|---|---|---|
| CASE NO.: | CV 17-05981 SJO (MRWx) | DATE: September 14, 2017 |
| TITLE: | Healthcare Ally Management of California, LLC v. DIRECTV, LLC and Does 1-10 | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 14]

This matter comes before the Court on Plaintiff Healthcare Ally Management of California, LLC's ("HAMOC " or "Plaintiff") Motion to Remand Case to the Los Angeles Superior Court ("Motion"), filed on August 29, 2017. Defendant DIRECTV, LLC ("DIRECTV" or "Defendant") filed an opposition to the Motion ("Opposition") on September 5, 2017, to which the Plaintiff replied ("Reply") on September 11, 2017. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 25, 2017. *See* Fed. R. Civ. P. 78(b). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

   a.  Procedural Background

On June 28, 2017, Plaintiff filed the instant lawsuit in the Superior Court for Los Angeles County against Defendants (the "State Action"). (Defs.' Notice of Removal ("Notice"), ECF No. 1, Ex. 1 ("State Action Compl.").) Plaintiff alleged the following causes of action: (1) quantum merit (State Action Compl. ¶¶ 65-77); (2) breach of oral contract (State Action Compl. ¶¶ 78-83); and (3) promissory estoppel. (State Action Compl. ¶¶ 84-90.) On August 11, 2017, Defendant removed the State Action to this Court pursuant to 28 U.S.C. § 1331, 1441, and 1446, asserting complete preemption of Plaintiff's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Notice 1.) In the instant Motion, Plaintiff seeks to remand the action to the Los Angeles Superior Court for lack of subject matter jurisdiction because the causes of action are not preempted by ERISA. (*See* Mot. 1, ECF No. 14.)

   b.  Factual Background

Plaintiff alleged the following. Plaintiff is the assignee of La Peer Surgery Center ("Medical Provider"). (Notice, Ex. 1.) Defendant is an insurance company and Does 1-10 are unknown individuals who are "legally responsible in some manner for the events and happenings referred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | |
|---|---|
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| Scan Only | |

| CASE NO.: CV 17-05981 SJO (MRWx) | DATE: September 14, 2017 |
|---|---|

to herein and legally caused injury and damages proximately thereby to [Plaintiff]." (State Action Compl. ¶ 3-4.) Patients ("Patients") are "insureds, members, policyholders, certificate-holders or were otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by Defendant and Does 1 through 10, inclusive." (State Action Compl. ¶ 7.) The action stems from the alleged "failure to make proper payment and/or the underpayment to Medical Provider by Defendant and Does 1 through 10, inclusive, of amounts due and owing now to [Plaintiff] for use of facilities at which surgical care, treatment and procedures were provided to Patients." (State Action Compl. ¶ 7.) "Medical Provider and the doctors who performed surgeries or procedures upon the Patients were 'out-of-network providers' or 'non-participating providers' who had no preferred provider contracts or other such standing, written contracts with Defendant setting their rates of pay for services rendered, prior to the date that the surgeries or procedures were performed upon the Patients." (State Action Compl. ¶ 10.)

Plaintiff alleges that three unnamed Patients received surgical procedures using Medical Provider's facilities. (State Action Compl. ¶¶ 19, 35, 50.) Prior to each surgical procedure, an employee of Medical Provider "obtained promises and information from Defendant's representative... to be assured that Defendant would pay for the facilities to be provided to [the respective Patient] and under what terms that payment would be made." (State Action Compl. ¶¶ 20, 36, 51.) "Medical Provider relied and provided services solely based on Defendant's statements...which had no relation to Defendant and [Patients'] policy document[s]." (State Action Compl. ¶¶ 29, 44, 59.) Following each surgery, Defendant paid Medical Provider "unreasonably low payment[s]" for the procedures and refused to pay the full amount that was agreed to. (State Action Compl. ¶¶ 30-34, 45-49, 60-64.)

II.   DISCUSSION

   A.   Motion to Remand

"Complete preemption removal is an exception to the otherwise applicable rule that a 'plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (quoting *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004)). "A party seeking removal based on federal question jurisdiction must show . . . that the state-law causes of action are completely preempted by § 502(a)[, 29 U.S.C. § 1132(a),] of ERISA." *Id.* "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* at 946 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)) (internal alterations omitted). "The two-prong test of *Davila* is in the conjunctive. A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Id.* at 947.

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

CASE NO.: **CV 17-05981 SJO (MRWx)**     DATE: **September 14, 2017**

1. <u>First Prong</u>

To be completely preempted, the first prong under *Davila* requires that the plaintiff was able to bring the claim under ERISA § 502(a)(1)(B) at some point in time. *Davila*, 542 U.S. at 210. Section 502(a)(1)(B) permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA applies to any "employee benefit plan" if it is established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1).

Defendant argues that the first element of the *Davila* test is satisfied because Medical Provider possess an assignment from Patients and has standing to assert Patients' ERISA claim. (Notice ¶ 17.) However, Plaintiff's claims are brought "based upon the individual and proper rights of [Plaintiff] in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patients." (State Action Compl. ¶ 6.) Furthermore, this argument directly contradicts the Ninth Circuit's previous conclusion on the subject. *Marin*, 581 F.3d at 949 (quoting *Blue Cross*, 187 F.3d at 1052) (holding that, "even though the Providers had received an assignment of the patient's medical rights and hence could have brought a suit under ERISA, there was no basis to conclude that the mere fact of assignment converts the Providers' claims [in this case] into claims to recover benefits under the terms of an ERISA plan.") (citation and internal quotation marks omitted).

Defendant further contends that this prong was met because Plaintiff is seeking to recover amounts that it was promised under the terms of the Plan. (Opp'n 7-10.) Contrary to Defendant's description of the Complaint as bringing claims based on the terms of an ERISA plan, Plaintiff's Complaint, which alleges claims for quantum meruit, breach of oral contract, and promissory estoppel, disclaims any reliance on the ERISA plan's terms. (*See generally* State Action Compl.) Plaintiff's claims arise out of alleged violations of an oral agreement made between the Medical Provider's employee and Defendant's representative prior to the procedures. (State Action Compl. ¶ 20, 36, 51.) Plaintiff's complaint alleges that "Medical Provider relied and provided services solely based on Defendant's statements. Statements which had no relation to Defendant and [the Patients'] policy document[s], as the statements may or may not have been based in Defendant or [the Patients'] policy documents, but that bore no consideration when Medical Provider agreed to provide facilities for the performance of the procedure. Medical Provider took Defendant at its word and provided the facility for the procedures based solely on that information." (State Action Compl. ¶ 29.) Under these agreements, until the Patients' Max Out of Pocket ("MOOP") expenses were met, Defendant agreed to pay fifty percent of the customary and reasonable rate. After the MOOP expenses were met, Defendant agreed to pay one hundred percent of the customary and reasonable rate of the medical services. (State Action Compl. ¶ 22, 38, 53) Like *Marina*, Defendant's obligation to pay "stems from the alleged oral contract between" Medical and Provider and Defendant, not from the ERISA plan. *Marin*, 581 F.3d at 949. Plaintiff's state-law claims

                      UNITED STATES DISTRICT COURT          Priority
                      CENTRAL DISTRICT OF CALIFORNIA         Send
                                                             Enter
                                                             Closed
                           CIVIL MINUTES - GENERAL           JS-5/JS-6
                                                             Scan Only

CASE NO.:   CV 17-05981 SJO (MRWx)          DATE:   September 14, 2017

based on its oral contract with Defendant "were not brought, and could not have been brought, under § 502(a)(1)(B)." *Id.*

The first prong of *Davila* is not satisfied.

### 2. Second Prong

"If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin*, 581 F.3d at 949. "The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA." *Id.* at 950. State-law claims are based on "other independent legal dut[ies]" where the claims "are in no way based on an obligation under an ERISA plan" and the claims "would exist whether or not an ERISA plan existed." *Id.* For example, in *Marin*, the claims were based on an separate oral contract created by a telephone call, and not an ERISA plan. See 581 F.3d at 949-50. Thus, the court concluded that an independent legal duty existed between the plaintiff and the defendant. *Id.* at 950. Plaintiffs use Marin to support their argument that an independent duty exists here under state law. (Motion 5-6.) Defendant argues that this prong "requires a practical, rather than a formalistic, analysis because '[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort.'" *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1110-11 (9th Cir. 2011) (quoting *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005). However, the plaintiffs in the *Fossen* case brought their claim under a state law that is "expressly dependent on federal law... because the statute, by its very terms, applies only to ERISA plans." *Fossen*, 660 F.3d at 1111. Unlike *Fossen*, Plaintiff's state law claims are independent of federal law. Like *Marin*, Plaintiff alleges an oral contract binding Defendant's actions separate from the Patients' policies. Thus, the holding from *Marin* applies and the second prong of *Davila* is not satisfied.

### III. RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. This case is **REMANDED** to the Superior Court for Los Angeles County. The Court **DENIES AS MOOT** Defendant DIRECTV, LLC's Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 16).

IT IS SO ORDERED.